IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-01242-WJM-KMT

KEVIN CLARK, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

STRAD ENERGY SERVICES USA LTD and STRAD OILFIELD SERVICES INC., both Colorado corporations,

    Defendants

## FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Kevin Clark, by and through undersigned counsel, individually and on behalf of all others similarly situated, files this *First Amended Class and Collective Action Complaint* against Defendants Strad Energy Services USA Ltd. and Strad Oilfield Services Inc. (collectively, "Strad").

## STATEMENT OF THE CASE

1. The federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.,* (the "FLSA") and analogous state laws contain various rules regarding employee wages and working hours. Strad violated these laws by failing to compensate employees at "time and one-half" their regular rate of pay for all overtime hours worked. This class and collective action seeks to recover damages and backpay to compensate all current and former employees of Strad for these wage violations.

## PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff, a former employee of Strad, is an individual and resident of the State of Idaho.

3.      Defendants Strad Energy Services USA Ltd. and Strad Oilfield Services Inc. are Colorado corporations with their corporate offices located at 600 Seventeenth Street, Suite 1400N, Denver, Colorado 80202.  At all times relevant to this action, Defendants have been located in and have conducted business in the State of Colorado.

4.      This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.  Venue is proper under 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

5.      Strad is an oilfield service company headquartered in Denver, Colorado. Plaintiff worked for Strad as a field service technician providing labor at various locations in North Dakota, Montana, South Dakota, Colorado and Wyoming.

6.      Although Plaintiff was required to work more than forty (40) hours per workweek and/or twelve (12) hours per day, and did so frequently, Plaintiff was not compensated at the mandated time and one-half rate for all of his overtime hours.  No overtime exemption applies to Plaintiff.

7.      First, Strad failed to pay Plaintiff for the many hours he spent waiting for work to be assigned while living away from home near remote oil sites.  During this

time, Plaintiff was "on-call" and, as a result, was very restricted in his activities. Because of these restrictions, Plaintiff's on-call time was compensable under state and federal law.

8. Second, Strad failed to pay Plaintiff properly for his travel time to and from remote sites. Plaintiff spent many hours traveling as directed by Strad. Although Strad paid for some of this time, it failed to pay for all of the travel hours and, in addition, failed to compensate the time at the correct overtime rate.

9. Third, Strad moved Plaintiff's work hours between days and weeks in order to avoid paying overtime for such work hours. In particular, Strad had a policy of requiring workers to show no more than 16 hours of work on any given day. Because Strad's workers often worked shifts longer than 16 hours, Strad moved hours over 16 to other days. This often resulted in Strad not paying all required overtime to its workers.

10. Finally, Strad failed to include all of Plaintiff's compensation in calculation of his overtime rate.

11. Plaintiff's work schedule typically entailed traveling to a remote worksite and working 20 days in a row. Thereafter, Plaintiff typically would have 10 days off. During his 20 day shifts, Plaintiff typically was scheduled for 12 hours per day but often worked much longer. Thereafter, Plaintiff was on-call until the start of the next work day. These on-call hours were not compensated although they were compensable time under the FLSA and state law. By way of example, during the week of December 21-27, 2015, Plaintiff received no compensation for at least 50 hours of work. Therefore,

since Plaintiff was paid $22/hour with an overtime rate of $33/hour, Plaintiff is owed at least $1,650 in unpaid overtime compensation for this workweek alone, plus applicable penalties and liquidated damages.  Since Strad is required by law to keep detailed records of Plaintiff's compensation and hours worked, Plaintiff will provide a more detailed damage estimate once these records are produced.  *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014)("[L]ike the other circuit courts that have ruled before us, we decline to make the approximation of overtime hours the *sine qua non* of plausibility for claims brought under the FLSA.  After all, most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants.")

12. On information and belief, none of Strad's non-exempt employees were paid properly for their time worked.

13. Each of the violations alleged above was blatantly illegal and, on information and belief, Strad took no steps to ascertain the validity of its employee compensation policies.  For example, Strad has produced no evidence of any effort to have its policies scrutinized by an attorney to ensure legal compliance and, on information and belief, Strad made no such efforts.  Therefore, Strad cannot meet its burden to demonstrate that it acted in good faith and had reasonable grounds for believing its policies were not in violation of the FLSA and applicable state law.  Strad knew or should have known that its policies were in violation of the FLSA and applicable state law.  Since, on information and belief, Strad made no inquiry into the validity of its

pay policies under the FLSA and state law, Strad acted recklessly in determining whether it was in legal compliance.  Particularly for a large, international company like Strad, such willful ignorance demonstrates, at a minimum, reckless disregard as to whether its policies were compliant.  In other words, Strad acted willfully within the meaning of the FLSA and state law.

## **COLLECTIVE AND CLASS ACTION ALLEGATIONS**

14. Plaintiff brings this action as a FED. R. CIV. P. 23 class action, on behalf of himself and on behalf of a Class for which Plaintiff seeks certification.  Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER STRAD EMPLOYEES WHO WERE NOT COMPENSATED PROPERLY FOR ALL OVERTIME HOURS WORKED.

15. This action is properly brought as a class action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable.  Plaintiff is informed and believes that the number of Class Members exceeds fifty.

   b. Numerous questions of law and fact regarding the liability of Strad are common to the Class and predominate over any individual issues which may exist.

   c. The claims asserted by Plaintiff are typical of the claims of

     Class Members and the Class is readily ascertainable from Strad's own records.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

   d. Plaintiff will fairly and adequately protect the interests of Class Members.  The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff.  Furthermore, Plaintiff is represented by experienced class action counsel.

16. For the foregoing reasons, Plaintiff also seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because his claims are nearly identical to those of other Class Members.  Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and were subjected to Strad's common practice, policy or plan regarding employee wages and hours.

## **FIRST CLAIM FOR RELIEF**
**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)**

17. Plaintiff incorporates by reference all of the above paragraphs.

18. At all relevant times, Strad has been, and continues to be, an "employer" within the meaning of the FLSA.

19. Strad is an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA.

20. At all relevant times, Strad has had gross annual volume of sales in excess of $500,000.

21. At all relevant times, Strad has employed, and continues to employ, non-exempt "employees," including Plaintiff. Plaintiff consents to sue in this action pursuant to 29 U.S.C. §216(b).

22. Plaintiff was an employee of Strad within the meaning of the FLSA.

23. While employed by Strad, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

24. As a result of the foregoing conduct, as alleged, Strad has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq*. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

25. As a result, Plaintiff and Class Members has been damaged in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
(Violation of the Colorado Wage Claim Act, § 8-4-101, *et seq*.)

26. Plaintiff incorporates by reference all of the above paragraphs.

27. At all relevant times, Strad has been, and continues to be, an "employer" within the meaning of the Colorado Wage Claim Act.

28. At all relevant times, Strad has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Wage Claim Act.

29. Plaintiff was an employee of Strad within the meaning of the Wage Claim Act.

30. As a result of the foregoing conduct, as alleged, Strad has failed to pay wages due under the Wage Claim Act, the FLSA and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order, thereby violating, and continuing to violate, the Wage Claim Act.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

31. As a result, Plaintiff has been damaged in an amount to be determined at trial.  Plaintiff hereby demands payment on behalf of himself and all Class Members in an amount sufficient to provide compensation for all overtime hours worked that were not compensated properly.  This demand for payment is continuing and is made on behalf of any current Strad employees whose employment terminates at any time in the future.  Such payment can be made care of undersigned counsel at the listed address.

### THIRD CLAIM FOR RELIEF
**(Violation of the Colorado Minimum Wage Act, § 8-6-101, *et seq.*)**

32. Plaintiff incorporates by reference all of the above paragraphs.

33. At all relevant times, Strad has been, and continues to be, an "employer" within the meaning of the Colorado Minimum Wage Act.

34. At all relevant times, Strad has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Minimum Wage Act.

35. Plaintiff was an employee of Strad within the meaning of the Minimum Wage Act.

36. As a result of the foregoing conduct, as alleged, Strad has violated, and continues to violate, the Minimum Wage Act.  These violations were committed

knowingly, willfully and with reckless disregard of applicable law.

37.  As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### (Violation of Certain State Overtime/Minimum Wage Laws)

38.  Plaintiffs incorporates by reference all of the above paragraphs.

39.  The conduct alleged above also constitutes a violation of the laws of certain states with overtime/minimum wage laws analogous to the FLSA.  On information and belief, Strad engaged in the conduct described above at locations in North Dakota, Virginia, Montana, Utah, South Dakota, Wyoming, Texas, Kansas and Pennsylvania.

40.  Therefore, Strad violated the applicable overtime/minimum wage laws in each of the states where it does business, including North Dakota Wage Law, N.D.C.C. §34-01, *et seq.* and N.D.A.C. §46; Pennsylvania Wage Law 43 P.S. §333.101, *et seq.*; Kan. Stat. Ann. §44-1201, *et seq.*; Wyoming Wage Law, Wy. Stat. Title 27; and the Utah Payment of Wages Act, Utah Code §34-28-1, *et seq*.  In each of these states, Strad failed to pay the applicable state minimum wage rate and/or the overtime required by state law.

41.  As a result, Class Members have been damaged in an amount to be determined at trial.

## DOCUMENT PRESERVATION

42.  As part of discovery, Plaintiff will be requesting certain documents and

information from Strad. Please note the document preservation instructions attached hereto.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of himself and Class Members and against Strad as follows:

1. Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

2. Ordering prompt notice of this litigation to all potential Class Members;

3. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

4. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

5. Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

6. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law; and

7. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 12th day of November, 2017.

*s/Brian D. Gonzales*
_____
Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528
Telephone: (970) 214-0562
BGonzales@ColoradoWageLaw.com

*Counsel for Plaintiff*

11

## **DOCUMENT PRESERVATION INSTRUCTIONS**

Plaintiff will be requesting electronic and other documentary evidence during discovery in this matter.  This evidence will be of critical importance and Plaintiff wants to ensure that the types of documentary and electronic evidence that will be requested the course of discovery are preserved.

As you may be aware, "[w]hen a lawyer who has been retained to handle a matter learns that litigation is probable or has been commenced, the lawyer should inform the client of its duty to preserve potentially relevant documents and of the possible consequences of failing to do so."  Standard 10, *Preservation of Documents, ABA Civil Discovery Standards* (Aug. 2004).  This duty "applies to information stored in an electronic medium or format…"  *Id.* at Standard 29.

Various kinds of electronic data will be important in this lawsuit.  The data Plaintiff anticipates will be relevant includes, but is not limited to, the following:

- The portions of any database or system maintained or used that contains time stamps or other data, including timesheets and telephone records, relating to the hours worked by Plaintiff and putative opt-in plaintiffs and/or class members as well as their pay;

- Emails and other electronic and hard-copy documents pertaining to Defendants' decisions regarding overtime pay and recording of hours;

- Emails and other electronic and hard-copy documents pertaining to Defendants' reliance on department of labor authority in making its decisions regarding overtime pay and recording of hours;

- Emails and other electronic and hard-copy documents pertaining to any audit or investigation performed by the department of labor;

- Emails and other electronic and hard-copy documents pertaining to the job duties performed by Defendants' employees, including Plaintiff;

- Emails and other electronic and hard-copy documents pertaining to the hours worked by Defendants' employees, including Plaintiff;

- Emails sent and received by Plaintiff, putative opt-in plaintiffs or class members, and their managers/supervisors;

- Emails and other electronic or hard-copy documents pertaining to

               Defendants' compliance with the Fair Labor Standards Act and/or state laws; and

- Emails and other electronic or hard-copy documents pertaining to Plaintiff and all other current or former employees.

This data, including all associated metadata, must be preserved. Therefore, Plaintiff requests that Defendants perform offline backups of any databases which contain information of the types identified above. Plaintiff also requests that Defendants perform offline backups of all current Microsoft Exchange (or other email) databases to external hard drives, preserving their native format. These backups should be done routinely from this point forward.

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Therefore, Plaintiff requests that Defendants take every reasonable step to preserve this information until the final resolution of this matter, and discontinue all data destruction activities, including but not limited to, backup tape recycling policies, any automatic email deletion functions, and refrain from disposing of any relevant hardware or data storage. In short, Plaintiff requests that the utmost care be taken in the preservation of all relevant electronic data, including metadata.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of November, 2017, a true and correct copy of the foregoing **FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT** was served electronically on the following:

Vance O. Knapp, Esq.
Kevin D. Evans, Esq.
Cindy N. Pham, Esq.
ARMSTRONG TEASDALE LLP
4643 South Ulster Street, Suite 800
Denver, CO 80237
vknapp@armstrongteasdale.com
kdevans@armstrongteasdale.com
cpham@armstrongteasdale.com

*s/Brian D. Gonzales*

_____