IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-1242-WJM-KMT

KEVIN CLARK, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

STRAD ENERGY SERVICES, USA, LTD., a Colorado corporation, and
STRAD OILFIELD SERVICES, INC., a Colorado corporation,

    Defendants.

---

## ORDER GRANTING PLAINTIFF'S MOTION
## FOR APPROVAL OF *HOFFMAN-LAROCHE* NOTICE

---

Plaintiff Kevin Clark ("Plaintiff") brings this action against Defendants Strad Energy Services, USA, LTD. And Strad Oilfield Services, Inc. (together, "Strad" or "Defendants") for, among other things, violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. (ECF No. 31.) Plaintiff's FLSA claim concerns Defendants' alleged failure to properly compensate employees for overtime hours worked. (*Id.* ¶¶ 17–25.)

Currently before the Court is Plaintiff's Motion for Approval of a *Hoffman-La Roche* Notice ("the Motion"). (ECF No. 40.) Plaintiff seeks to have this matter conditionally certified as a collective action under the FLSA for certain current and former employees who worked for either Defendant from May 22, 2014 to present. (*Id.* at 5.) Defendants sought several extensions of time to file a response to the Motion. Ultimately, the parties instead filed a Joint Stipulation Regarding Plaintiff's Motion for

Approval of *Hoffman-LaRoche* Notice ("Joint Stipulation").  (ECF No. 65.)  At the Court's request, the parties subsequently filed a revised Joint Proposed FLSA Notice ("Revised Notice").  (ECF No. 66.)  For the reasons explained below, Plaintiff's Motion, as modified by the Revised Notice, is granted.

## I. BACKGROUND

The following alleged facts are drawn from the Plaintiff's Amended Complaint, the Motion, and the Joint Stipulation.  (ECF No. 31; ECF No. 40; ECF No. 65.)

Clark alleges that he is a former employee of Strad as a field service technician providing labor at locations in Colorado, Montana, North Dakota, South Dakota, and Wyoming.  (ECF No. 31 ¶¶ 2, 5.)  He claims that he was often required to work more than forty hours per work week and/or twelve hours per day, and did so, but was not compensated for time-and-a-half for his overtime hours.  (*Id.* ¶ 6.)  Plaintiff alleges four distinct practices that lead Strad to allegedly undercompensate their employees: (1) failure to compensate Clark for time "on-call" when he was living away from home waiting for work to be assigned and was restricted in his activities; (2) failure to properly compensate Clark for travel time to and from remote sites; (3) shifting hours in excess of sixteen hours to different days of the week to avoid overtime; and (4) "fail[ing] to include all of Plaintiff's compensation in calculation of his overtime rate."  (*Id.* ¶¶ 7–10.)  For example, Clark alleges that from December 21–27, 2015, he received no compensation for at least fifty hours of work and is owed at least $1,650 in unpaid overtime for that week.  (*Id*. ¶ 11.)  Clark also alleges that "none of Strad's non-exempt employees were paid properly for their time worked."  (*Id.* ¶ 12.)

Clark claims that the non-payment of overtime violated the FLSA (*id.* ¶¶ 17–25), the Colorado Wage Act (*id.* ¶¶ 26–31), the Colorado Minimum Wage Act (*id.* ¶¶ 32–37); and the state overtime and minimum wage laws of Montana, North Dakota, Pennsylvania, South Dakota, and Utah (*id.* ¶¶ 38–41).[1] He seeks to recover compensatory damages, liquidated damages, statutory penalties as provided by law, attorneys' fees, and costs. (*Id.* at 10.)

## II. LEGAL STANDARD

The FLSA permits collective actions where the allegedly aggrieved employees are "similarly situated." 29 U.S.C. § 216(b). Whether employees are similarly situated is judged in two stages: a preliminary or "notice stage" (at issue here) and then a more searching, substantive stage, usually after the close of discovery. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102–03, 1105 (10th Cir. 2001). At the notice stage, a plaintiff requires "nothing more than substantial allegations that the putative [collective action] members were together the victims of a single decision, policy, or plan." *Id.* at 1102 (internal quotation marks omitted); *see also Boldozier v. Am. Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005) (applying *Thiessen*). The standard for certification at this stage is a lenient one. *See Thiessen*, 267 F.3d at 1103; *Williams v. Sprint/United Management Co.*, 222 F.R.D. 483, 485 (D. Kan. 2004).

If a plaintiff meets this standard, the Court may order the defendant to provide contact information for employees that may be eligible to participate in the collective

---

[1] Plaintiff initially also claimed violation of overtime and minimum wage laws in Kansas, Texas, and Virginia, but subsequently offered to withdraw those state claims in response to Defendants' Motion to Dismiss. (ECF No. 45 at 4.)

action, and may approve a form of notice to be sent to all of those individuals. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169–74 (1989). Such notice is usually required because, unlike class actions under Federal Rule of Civil Procedure 23, collective actions under the FLSA require a party to opt in rather than opt out. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any [collective] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Obviously current or former employees cannot opt in if they do not know about the pending action.

### III. ANALYSIS

#### A. Collective Action Certification

The parties stipulate that Defendants' current or former employees who worked in certain positions in the United States from May 22, 2014 to present are similarly-situated for purposes of FLSA conditional certification. (ECF No. 65 ¶¶ 4–5.) In particular, Plaintiff seeks to certify a class defined as: "All current and former Shop Hands, Sit Hands, Solids Control Trainees, Field Service Technicians, and Solids Control Technicians employed by Strad Energy Services or Strad Oilfield Services at any time on or after May 22, 2014." (*Id.* ¶ 5.)[2]

---

[2] This proposed class definition differs from the one pled in Plaintiff's Complaint, both in its phrasing and substance. Plaintiff added a relevant timeframe and limited the types of employees eligible to participate in the collective action. Plaintiff's Amended Complaint preliminarily defined the Rule 23 class as "all current or former Strad employees who were not compensated properly for all overtime hours worked." (ECF No. 31 ¶ 14.) Plaintiff also stated that he "also seeks certification of an FLSA 'opt-in' collective action," presumably for the same group. (*Id.* ¶¶ 14, 16.) Plaintiff's Motion sought to define the class as "All current and former Technicians and Hands who worked for either Defendant in the United States at any time from May 22, 2014 to present." (ECF No. 40 at 5.) The parties' Joint Stipulation further refined the proposed class definition. The parties' Revised Notice now characterizes the proposed collective action class as "All current and former Shop Hands, Sit Hands, Solids Control

4

Given Plaintiff's Motion and the parties' Joint Stipulation and upon independent review, the Court finds that Plaintiff has made allegations sufficient to meet the lenient standard for conditional FLSA collective action certification. *See Thiessen*, 267 F.3d at 1103. Plaintiff alleges that he personally was not paid overtime, and that Defendant's failed to pay any of their non-exempt employees properly for time worked. (ECF No. 31 ¶¶ 6, 12.) These allegations are sufficient to establish that the potential class members were subject to "a single decision, policy, or plan" giving rise to their claims. *See Thiessen*, 267 F.3d at 1103.

Accordingly, the Court will certify the proposed class as requested in the parties' Joint Stipulation: "All current and former Shop Hands, Sit Hands, Solids Control Trainees, Field Service Technicians, and Solids Control Technicians employed by Strad Energy Services or Strad Oilfield Services at any time on or after May 22, 2014."

**B.  Form of Notice**

The parties have stipulated to a form of Notice and a Consent to Join form. (*See* ECF No. 65-1.) The Court adopts the parties' Revised Notice and Consent to Join Form.

**C.  Notice Procedures**

The Court generally approves the parties' requested notification procedures, as

---

Trainees, Field Service Technicians or Solids Control Technicians employed by Strad Energy Service or Strad Oilfield Services at any time on or after May 22, 2014." (ECF No. 66 at 2.) Neither the Motion, Joint Stipulation, nor the Revised Notice explains these changes, so the Court is left to speculate as to why certain employees have been excluded from this action. Nevertheless, the Court will grant conditional certification using the class definition submitted in the Revised Notice, since the parties stipulate that conditional certification is justified for a class defined in this way.

further detailed below. Regarding the parties' request for notification via first-class mail, the Court presumes that Plaintiff and his counsel either already have the addresses of Defendants' employees for the relevant time period, or that Defendants have agreed to provide them and will do so immediately upon issuance of this Order, if they have not already.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Approval of *Hoffman-LaRoche* Notice (ECF No. 40) as modified by the parties' Revised Joint Proposed FLSA Notice (ECF No. 66) is GRANTED.

2. This action is CONDITIONALLY CERTIFIED as a collective action under 29 U.S.C. § 216(b) with the eligible collective action class members defined as "All current and former Shop Hands, Sit Hands, Solids Control Trainees, Field Service Technicians, and Solids Control Technicians employed by Strad Energy Services or Strad Oilfield Services at any time on or after May 22, 2014."

3. The form of notice submitted at ECF No. 66 is APPROVED. The final, Court-approved version of the Notice and Consent to Join Form is docketed as an attachment to this Order, and reflects the Parties' agreement that potential collective action class participants shall have until **October 17, 2018** to return the Consent to Join Form.

4. No later than **July 23, 2018**, Defendant shall provide to Plaintiff's counsel a list of all potential collective action members, which shall include each such

employee's or former employee's name, position, dates of employment, last known mailing address, last known e-mail address, and last known telephone number.

5. The parties shall effect notice to potential class members as follows:

    a. No later than **August 6, 2018**, Plaintiff SHALL MAIL the final Notice and Consent to Join Form to all potential class members via first-class U.S. Mail. Further, Plaintiff SHALL FILE a Notice of Completion of Mailing notifying the Court no later than three business days after this mailing has been completed.

    b. Defendants SHALL INCLUDE the final Notice and Consent to Join Form in two consecutive pay envelopes of all potential class members currently working for Defendants. This shall be completed during the first two regular pay periods following **July 23, 2018**, or on earlier dates if the parties agree to them.

    c. By **July 23, 2018**, and continuing through **September 7, 2018**, Defendants SHALL POST the Notice and Consent to Join in conspicuous places in their place of business.

Dated this 9th day of July, 2018.

BY THE COURT:

William J. Martinez
United States District Judge