# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 17-cv-1242-WJM-KMT

KEVIN CLARK, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

STRAD ENERGY SERVICES, USA, LTD., a Colorado corporation, and
STRAD OILFIELD SERVICES, INC., a Colorado corporation,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff Kevin Clark ("Plaintiff") brings this action against Defendants Strad Energy Services, USA, Ltd. and Strad Oilfield Services, Inc. (together, "Strad" or "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. §§ 8-4-101 *et seq.*, the Colorado Minimum Wage Act ("CMWA"), Colo. Rev. Stat. §§ 8-6-101 *et seq.*, and violations of the overtime and/or minimum wage laws of various other states.[1] (ECF No. 31.)

Currently pending before the Court is Strad's Motion to Dismiss, in Part, Plaintiff's First Amended Class and Collective Action Complaint ("Motion") under Rule 12(b)(1) and (6). (ECF No. 38.) Strad argues that Plaintiff lacks standing to assert claims under

---

[1] Plaintiff's Amended Complaint asserts claims under Kansas, Montana, North Dakota, Pennsylvania, South Dakota, Texas, Utah, Virginia, and Wyoming law. (ECF No. 31 ¶¶ 38–41.) In his response to the Motion, Plaintiff withdraws his claims under Kansas, Texas, and Virginia law. (ECF No. 45 at 4.)

Kansas, Pennsylvania, Texas, Utah, and Virginia law.  Strad also argues that the state wage-and-hour law claims should be dismissed for failure to state a claim.  For the reasons explained below, this Court agrees that Plaintiff lacks standing to assert the Pennsylvania and Utah claims and has failed to state a claim for relief as to the non-Colorado claims.  The Court thus grants the Motion in part.  Plaintiff's FLSA and Colorado claims will remain pending before this Court.

## I. BACKGROUND

The following factual summary is drawn from Plaintiff's Amended Complaint (ECF No. 31) and treated as true for present purposes.  *See Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Plaintiff is a former employee of Strad who worked as a field service technician at various locations in Colorado, Montana, North Dakota, South Dakota, and Wyoming.  (ECF No. 31 ¶¶ 2, 6.)  Plaintiff alleges that he was frequently required to work more than forty hours per work week and/or twelve hours per day.  (*Id.* ¶ 6.)  Plaintiff further alleges that he was not properly compensated at the mandated time-and-a-half rate for his overtime hours.  (*Id.*)

Plaintiff also alleges that Strad failed to properly pay him for other compensable time.  Plaintiff spent "many hours waiting for work to be assigned while living away from home near remote oil sites."  (*Id.* ¶ 7.)  Plaintiff contends that he was restricted in his activities during that time and those hours spent "on-call" are compensable.  (*Id.*)  Similarly, Plaintiff alleges that he was not properly paid for his travel time to and from remote oil sites.  (*Id.* ¶ 8.)  While Strad paid for some of the hours, it did not pay for all hours or pay at the proper rate.  (*Id.*)  Plaintiff further contends that Strad "moved hours

2

over 16 [hours per day] to other days" to comply with a policy limiting workers to showing a maximum of 16 hours per day. (*Id.* ¶ 9.) Plaintiff states that "Strad's workers often worked shifts longer than 16 hours." (*Id.*)

By way of example, Plaintiff explains that his usual work schedule involved "traveling to a remote worksite and working 20 days in a row," followed by ten days off. (*Id.* ¶ 11.) During his working days, Plaintiff states that he was scheduled for 12 hours per day but would often work longer hours. After Plaintiff finished his shift, he would be "on-call" until the start of the next work day. (*Id.*) Plaintiff alleges that he received no compensation (much less compensation at the proper overtime rate) for 50 hours of work between December 21–27, 2015, and is owed $1,650 for that week alone. (*Id.*)

Plaintiff also alleges that Strad's failure to properly compensate him was not a limited occurrence. Rather, "none of Strad's non-exempt employees were paid properly for their time worked." (*Id.* ¶ 12.) Plaintiff alleges that Strad's employee compensation polices are "blatantly illegal" and that Strad did not look into the validity of its policies. (*Id.* ¶ 13.)

Plaintiff filed this lawsuit on May 22, 2017, alleging violations of the FLSA and wage laws of various states where Strad has allegedly engaged in the conduct described by Plaintiff. Plaintiff seeks to bring this action as a class action on behalf of himself and those similarly situated under the laws of those various states, including the CWCA and CMWA. Plaintiff also seek relief under an FLSA collective action, separate and apart from the state-law causes of action.[2]

---

[2] Plaintiff and Strad separately filed a Joint Stipulation Regarding Plaintiff's Motion for Approval of *Hoffman-La Roche* Notice (ECF No. 65) seeking preliminary certification of an FLSA

## II. LEGAL STANDARD

### A. Article III Standing

Article III of the U.S. Constitution restricts federal courts to deciding "cases" and "controversies." *See* U.S. Const. art. III, § 2, cl. 1. These words have been interpreted to restrict federal courts from giving "advisory opinions," *Flast v. Cohen*, 392 U.S. 83, 96 (1968), meaning that a federal court may not resolve questions in the abstract, but instead may only resolve "disputes arising out of specific facts when the resolution of the dispute will have practical consequences to the conduct of the parties," *Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011).

To safeguard this restriction, the Supreme Court has articulated a three-element test for "Article III standing":

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations omitted; certain alterations incorporated). Importantly for this case, "the plaintiff bears the burden of proof" to establish that these elements exist. *Id.* at 561; *see also United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) ("The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction. The

---

collective action. The Court granted preliminary approval of an FLSA collective action on July 9, 2018, and directed Plaintiff to mail the approved notice to potential members of the FLSA class. (ECF No. 67.)

facts supporting jurisdiction must be affirmatively alleged, and if challenged, the burden is on the party claiming that the court has subject matter jurisdiction."). Preponderance of the evidence is the proper burden of persuasion in a proceeding to determine subject matter jurisdiction. *Bustillos*, 31 F.3d at 933.

**B.     Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." Rule 8 requires a complaint to contain "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." *Id.* 8(d). Rule 8(a) also requires minimal factual allegations on the material elements that must be proven to recover on each of the Plaintiffs' claims. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Rule 12(b)(6) then requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, LLC*, 493 F.3d at 1177. In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a

5

recovery is very remote and unlikely.'"  *Id.* (quoting *Twombly*, 550 U.S. at 556).  However, "[t]he burden is on the plaintiff to frame a complaint 'with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).  "[C]omplaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' . . . 'will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).

## III. Analysis

### A. Standing to Bring Pennsylvania and Utah State Law Claims

The parties dispute whether Plaintiff has standing to bring claims under Pennsylvania and Utah law,[3] and whether the Court should address standing concerns prior to class certification.  It is undisputed that Plaintiff did not work in either Pennsylvania or Utah.  Defendants argue that because Plaintiff did not reside or work in either Pennsylvania or Utah, Plaintiff lacks standing to allege claims on his own behalf or on behalf of a putative class under the laws of those states.  (ECF No. 38 at 7–9.)  Plaintiff contends that he meets the minimum standard for standing—that he has adequately alleged an injury caused by Defendants that would be redressed by a favorable decision of this Court—and that whether Plaintiff can adequately represent Defendants' employees in Pennsylvania and Utah is a Rule 23 question that should be addressed either at the class certification stage or after the close of the FLSA notice

---

[3] Defendants also argue that Plaintiff lacks standing under Kansas, Texas, and Virginia law.  Because Plaintiff abandons his claims under those state laws (ECF No. 45 at 2, 4), the Court will focus only on the remaining state law claims.

period. (ECF No. 45 at 2–4.)

Courts are likewise divided on the issue when standing of a plaintiff should be addressed in a putative class action, and the standard to be applied for the standing inquiry. *See Smith v. Pizza Hut, Inc.*, 2011 WL 2791331 (D. Colo. July 14, 2011) (Arguello, J.) (reviewing prior to class certification and finding the plaintiff lacked standing); *George v. Urban Settlement Servs.*, 2017 WL 4222620 (D. Colo. Sept. 21, 2017) (applying a different standard for standing than *Smith*); *Marrow v. Ann Inc.*, 2017 WL 363001 (S.D.N.Y. Jan. 24, 2017) (deferring consideration of standing to the class certification stage).

1. Timing of Standing Inquiry and Class Certification

Plaintiff contends that the Court should defer determination of the standing issue until either the class certification stage or, at a minimum, after conclusion of the FLSA notice and opt-in stage. (ECF No. 45 at 2–4.) Plaintiff argues that such deferral is in the interest of judicial economy as it will allow potential opt-in FLSA plaintiffs to join the action. (*Id.* at 3.) Defendants respond that delay will not change the likely conclusion that Plaintiff lacks standing and will force the Court and Defendants to waste resources on speculative claims. (ECF No. 56 at 3–6.)

At each stage of a case, a federal court should satisfy itself as to the justiciability of the dispute presented, including the standing of a plaintiff to maintain the action. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). If a plaintiff cannot establish standing, the court may not proceed with the case. *Citizens Concerned for Separation of Church and State v. City and Cnty. of Denver*, 628 F.2d 1289, 1296 (10th Cir. 1980).

The Supreme Court has stated that class certification issues can be "logically

7

antecedent to Article III concerns." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999) (internal quotation marks omitted). However, there is no firm requirement that class certification must be addressed prior to Article III standing, and "the Tenth Circuit has indicated that courts should generally address standing prior to class certification." *Hunnicutt v. Zeneca, Inc.*, 2012 WL 4321392 (N.D. Okla. Sept. 19, 2012). "Prior to class certification, the named plaintiffs' failure to maintain a live case of controversy is fatal to the case as a whole—that unnamed plaintiffs might have a case of controversy is irrelevant." *Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1159 (10th Cir. 2011). Courts may address standing prior to class certification when the only question is whether the named plaintiff has standing to bring claims under the laws of various states. *Smith*, 2011 WL 2791331, at *7 (distinguishing *Ortiz*, *supra*, and *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997)).

Cases cited by Plaintiff are factually distinguishable. In *Power v. Sandbox Logistics, LLC*, Judge John L. Kane of this District deferred consideration of standing to pursue certain claims in a class action to the class certification stage. 2017 WL 1063467, at *1 (D. Colo. Mar. 17, 2017). However, in that case, the question was the scope of the potential class action; it was undisputed that the plaintiffs had standing to pursue their own CWCA claims and to represent Colorado residents. Here, the question is whether Plaintiff has standing to bring certain claims at all, not the potential scope of the class.

In addition, contrary to Plaintiff's contention, *George* supports Defendants' argument that the Court should review a plaintiff's standing prior to the class certification stage, albeit applying a different standard (as discussed below). 2017 WL 4222620, at

8

*2 ("[A]t every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction . . . . Thus, the Court takes up the issue at this time."). Whether Plaintiff has standing to bring claims under the laws of Pennsylvania and Utah is "relevant whether or not the class is certified." *Smith*, 2011 WL 2791331, at *7. The Court determines that it is appropriate to consider at this juncture whether Plaintiff has adequately alleged standing under Pennsylvania and Utah law.

      2.      <u>Standing of Putative Class Action Plaintiff</u>

Courts of this District are divided on whether a plaintiff in a putative class action has standing to bring a claim in states in which he did not reside or work. In one case, Judge Christine M. Arguello found that a putative named plaintiff lacked standing to bring a claim under state laws to which the plaintiff had not been subject. *Smith*, 2011 WL 2791331, at *10. However, Judge Philip A. Brimmer held that "where a named plaintiff resides or suffers an injury is not determinative of whether [he or she has] Article III standing" provided that plaintiffs had alleged an injury caused by the defendants that would be redressed by a judicial decision. *George*, 2017 WL 4222620, at *2. Thus, Judge Brimmer found that the relevant inquiry was not whether a particular plaintiff could state a claim under a particular state's laws, but whether the defendant's general conduct established a case or controversy. *Id.* (noting that "whether plaintiffs have a valid cause of action under the laws of any particular state is a separate matter, but one that is not at issue here"). The question then becomes what precisely is required to establish an Article III case or controversy.

The Court is persuaded that a plaintiff lacks standing to bring class claims on behalf of a class under the laws of states to which plaintiff has never been subject or

where plaintiff has never resided. *See Smith*, 2011 WL 2791331, at *9 (collecting cases). In a class action, the named plaintiffs must allege an actual injury, not an "injury [that] has been suffered by other, unidentified members of the class." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 n.6 (2016) (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976)). "Standing is not dispensed in gross." *Davis v. Fed. Election Comm'n*, 544 U.S. 724, 734 (quoting *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996)). Each plaintiff must "demonstrate standing for each claim he seeks to press" and "for each form of relief" sought. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). Under the "injury in fact" requirement of standing, an injury must "affect the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548.

Plaintiff has not established an injury in fact under the laws of Pennsylvania or Utah. He never worked or resided in those states, and has not established that he is otherwise subject to the laws of those states. Plaintiff thus has no injury under the laws of those states, and cannot bring claims on behalf of a class under the laws of those states. *See Smith*, 2011 WL 2791331, at *9 ("Plaintiff lacks standing to bring claims under state laws to which Plaintiff has never been subjected and the class action claim must therefore be dismissed for lack of standing."); *Beltran v. InterExchange, Inc.*, 2018 WL 1948687, at *6 (D. Colo. Feb. 2, 2018); *Valverde v. Xclusive Staffing, Inc.*, 2017 WL 3866769, at *7 (D. Colo. Sept. 5, 2017), *adopting in relevant part* 2017 WL 1386351, at *8–9 (Feb. 23, 2017); *Abdulina v. Eberl's Temp. Servs. Inc.*, 79 F. Supp. 3d 1201, 1206 (D. Colo. 2015).

The Court is bolstered in its decision by the impracticality of deferring consideration of Plaintiff's standing to the class certification stage or applying a looser

standing standard.  Even if the Court were to allow Plaintiff's claims under Pennsylvania and Utah law to go forward, there is no guarantee that an opt-in plaintiff would have a claim under Pennsylvania or Utah law.  Courts do not dispense standing in gross; they require an actual case or controversy to be presented.  *Davis*, 554 U.S. at 734.  A plaintiff must clearly allege facts to demonstrate standing at the pleadings stage.  *Spokeo*, 136 S. Ct. at 1548.  Plaintiff has not done so in the Amended Complaint.  The mere possibility that an opt-in plaintiff could have standing in the future is not sufficient for our purposes here.  *Id.* at 1547 n.6; *Thomas v. Metro. Life Ins. Co.*, 631 F.3d at 1159.  (*See* ECF No. 45 at 3.)

Moreover, were the Court to defer consideration or use a more lenient standing standard, and absent any opt-in plaintiffs with standing under the laws of Pennsylvania or Utah, the Court would likely find that Plaintiff alone would not be an adequate representative because he does not meet the typicality requirements of Rule 23.  *See Beltran*, 2018 WL 1948687, at *6–7 (finding that plaintiffs did not meet the typicality requirement of Rule 23 because the "[n]amed Plaintiffs lack Article III standing to assert claims under the laws of states in which they did not work, live, or reside"); *Rector v. City and Cnty. of Denver*, 348 F.3d 935, 949 (10th Cir. 2003) ("A prerequisite for certification is that the class representatives be a part of the class and possess the same interest and suffer *the same injury* as class members.") (emphasis added).

An adverse decision for Plaintiff today is not necessarily the end of the road for claims against Defendants under Pennsylvania and Utah law.  This Court has already approved an FLSA notice to be distributed to potential class members nationwide.  (ECF No. 67.)  Should Plaintiff discover additional persons who would have standing

11

under those state laws through the FLSA process, Plaintiff could further amend the

Amended Complaint, with appropriate and prior leave of court, to include additional

plaintiffs who have standing to assert claims under the laws of Pennsylvania or Utah.[4]

See Fed. R. Civ. P. 15(a)(2).

**B.      Failure to State a Claim**

Defendant argues that Plaintiff's state claims are insufficiently pled.  (ECF No. 38

at 11–12.)  The Court will examine the Colorado claims (Claims II and III) and the other

state claims (Claim IV) separately.

   1.      Colorado Claim (Claims II and III)

Defendant summarily argues that Plaintiff's Colorado claims should be dismissed

because they contain "only bare and conclusory assertions that Strad violated the

minimum wage and overtime laws."  (ECF No. 38 at 11.)  Defendant does not describe

the ways in which Plaintiff's Colorado claims fall short.  In response, Plaintiff simply

states that the Amended Complaint contains facts "more than sufficient" to state a claim

under Colorado law.  (ECF No. 45 at 4.)  The Court will briefly review the requirements

of the CWCA and CMWA to determine whether Plaintiff has pleaded adequate facts to

support his Colorado statutory claims.

Plaintiff alleges that Defendants failed to pay Plaintiff wages due under the

CWCA and that Defendants continue to violate the CWCA by withholding payment.

---

[4] No scheduling order has been entered in this case.  The parties' proposed scheduling order set a deadline of January 19, 2018 for joinder of parties and amendment of pleadings.  However, because the proposal was not entered, there is no deadline for amendment.  Should Plaintiff seek to further amend the Amended Complaint, he may do so under a motion for leave to amend under Rule 15(a)(2) rather than Rule 16(b), unless a pleading-amendment deadline is later entered and that deadline expires.

Colo. Rev. Stat. §§ 8-4-101 *et seq*.  The CWCA allows current and former employees to sue an employer "for earned wages and other compensation the employer has refused to pay."  *Lester v. Career Bldg. Acad.*, 338 P.3d 1054, 1058 (Colo. App. 2014); *see also* Colo. Rev. Stat. §§ 8-4-109(3)(d)(II) and -110(2).  Under the Act, an "employer" is defined as "every person, firm, partnership, association, corporation . . . employing any person in Colorado," and "employee" means "any person . . . performing labor or services for the benefit of an employer in which the employer may command when, where, and how much labor or services shall be performed."  *Id.* § 8-4-101(5)–(6).

Plaintiff also claims that Defendants failed to properly compensate him for hours worked and as a result has violated the CMWA.  *See* Colo. Rev. Stat. §§ 8-6-101 *et seq*.  Under the CMWA, "an employee receiving less than the legal minimum wage applicable to such employee is entitled to recover in a civil action."  *Id.* § 8-6-118.  "[N]on-exempt employees must be paid time and one-half their regular rate of pay for all hours worked in excess of 40 per week or 12 per day."  *Allsopp v. Akiyama, Inc.*, 2010 WL 1258006, at *2 (D. Colo. Mar. 26, 2010); *see* Minimum Wage Order No. 34, 7 CO ADC 1103–1, at § 4.  Minimum Wage Order No. 34, which implements the CMWA, defines an "employee" as "any person performing labor or services for the benefit of an employer" and an "employer" as a "person, firm, partnership association, corporation . . . employing any person in Colorado."  Minimum Wage Order No. 34, 7 CO ADC 1103–1, at § 2.

Taking the facts in the Amended Complaint as true, the Court finds that Plaintiff has pled a claim for relief under the CWCA and CMWA.  Specifically, Plaintiff alleges that he worked for Defendants in Colorado and was an "employee" within the meaning

13

of the CWCA and CMWA; that Defendants are employers under the CWCA and CMWA; that he was not paid for earned wages; that Defendants failed to properly compensate Plaintiff for overtime; and that Defendants continue to fail to pay Plaintiff.  (ECF No. 31 ¶¶ 5–6, 27–31.)  While Plaintiff does not present detailed allegations about the Defendants' failure to compensate him for work in Colorado, the Federal Rules require only a short and plain statement that a plaintiff is entitled to relief on the material elements of the claim.  Fed. R. Civ. P. 8(a).  Here, Plaintiff's short and plain statement satisfies the federal pleading standard.  The Court finds that Plaintiff has provided sufficient factual allegations to state a claim for relief under the CWCA and CMWA, and thus denies Defendants' Motion as to the Colorado statutory claims.  *See Lester v. Gene Express, Inc.*, 2010 WL 3941417 (D. Colo. Sept. 27, 2010) (allowing a CWCA claim to go forward where a plaintiff sought recovery of certain reimbursable expenses).

    2.    <u>Other State Law Claims (Claim IV)</u>

Defendants also contend that Plaintiff's "bare and conclusory assertions" do not support a claim for relief under the wage and hour laws of Montana, North Dakota, Pennsylvania, South Dakota, Utah, or Wyoming.[5]  (ECF 38 at 11–12).  In response, Plaintiff argues that the factual predicate in the Amended Complaint is sufficient even if the state laws are not interchangeable because the law of each state requires Defendants to pay overtime.  (ECF No. 45 at 4–5.)

Courts have dismissed similarly vague claims for violations of state minimum wage and overtime laws.  For instance, when faced with a similarly pled claim for

---

[5] As discussed above, the Pennsylvania and Utah state claims are dismissed for lack of subject matter jurisdiction.

"violation of state minimum wage, overtime, and wage-payment laws of the states where the Rule 23 class worked," Judge R. Brooke Jackson of this District held that the catchall claim failed to provide a "'short and plain statement of *the* claim' required by Rule 8." *Solis v. Circle Group, LLC*, 2017 WL 1246487, at *6 (D. Colo. Apr. 5, 2017) (emphasis in original). The court thus dismissed the plaintiffs' claim for failure to give defendants notice of "which state statutes and laws were allegedly violated." *Id.* (quoting *Kuhl v. Guitar Ctr. Stores, Inc.*, 2008 WL 656049, at *6 (N.D. Ill. Mar. 5, 2008)). "The mere metaphysical possibility that *some* plaintiff could prove *some* set of facts . . . is insufficient; the complaint must give the court a reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk*, 493 F.3d at 1177 (emphasis in original).

Similarly here, merely pleading, in a conclusory fashion, that Defendants have "violated the applicable overtime/minimum wage laws in each of the states where [they] do business," is insufficient to state a claim for relief under those states' laws. (ECF No. 31 ¶ 40.) *See Solis*, 2017 WL 1246487, at *6. Plaintiff contends that the laws of the states are substantially similar because they require Defendants to pay overtime rates for every hour Plaintiff worked in excess of 40 hours per week. (ECF No. 45 at 4–5). However, the mere possibility that Plaintiff or a class member could prove some facts to state a claim for relief under those states' laws is insufficient. *See Ridge at Red Hawk*, 493 F.3d at 1177. At a minimum, Plaintiff should identify the state law and basic elements thereof and plead facts sufficient to show that he is entitled to relief under the law of that state. The allegations in the Amended Complaint are insufficient for the Court or opposing party to determine whether Plaintiff can state a claim for relief. *See*

*Solis*, 2017 WL 1246487, at *6. The Court thus dismisses the non-Colorado state law claims without prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Partial Motion to Dismiss (ECF No. 38) is GRANTED in part and DENIED in part;

2. The Pennsylvania and Utah state claims of Claim Four (Violation of Certain State Overtime/Minimum Wage Laws) are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction;

3. The remainder of the non-Colorado state claims in Claim Four (Violation of Certain State Overtime/Minimum Wage Laws) are DISMISSED WITHOUT PREJUDICE for failure to state a claim; and

4. Defendants' Partial Motion to Dismiss is DENIED in all other respects.

Dated this 1st day of August, 2018.

BY THE COURT:

William J. Martínez
United States District Judge