# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01242-WJM-SKC

**KEVIN CLARK,** *et.al*,

**Plaintiff,**

**v.**

**STRAD ENERGY SERVICES USA LTD. and**
**STRAD OILFIELD SERVICES INC.**

**Defendants.**

---

### ANSWER AND DEFENSES OF STRAD ENERGY SERVICES USA, LTD. AND STRAD OILFIELD SERVICES, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT

---

Defendants STRAD ENERGY SERVICES USA LTD. and STRAD OILFIELD SERVICES INC. (collectively "Strad"), by their attorneys, hereby submit their Answer and Defenses to Plaintiff's First Amended Complaint.

### ALLEGATION:

1.      The federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., (the "FLSA") and analogous state laws contain various rules regarding employee wages and working hours.  Strad violated these laws by failing to compensate employees at "time and one-half" their regular rate of pay for all overtime hours worked.  This class and collective action seeks to recover damages and backpay [sic] to compensate all current and former employees of Strad for these wage violations.

**ANSWER:**

Strad admits that the Fair Labor Standards Act and Colorado State law provides, in part, for the payment of wages and working hours.  Further answering, Strad admits that this is a putative class and collective action, but denies that class or collective action treatment is proper, denies that it engaged in any wrongdoing, and states that it is not liable in any way or in any amount to Plaintiff and/or putative class and collective action members.  Strad denies all remaining allegations in Paragraph 1 not specifically admitted herein.

**ALLEGATION:**

2.     Plaintiff, a former employee of Strad, is an individual and resident of the State of Idaho.

**ANSWER:**

Strad admits that Plaintiff is a former employee.  Strad lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2 and, therefore, denies those allegations.

**ALLEGATION:**

3.     Defendants Strad Energy Services USA Ltd. and Strad Oilfield Services Inc. are Colorado corporations with their corporate offices located at 600 Seventeenth Street, Suite 1400N, Denver, Colorado 80202.  At all times relevant to this action, Defendants have been located in and have conducted business in the State of Colorado.

**ANSWER:**

Strad admits the allegations in Paragraph 3, except that Strad denies that its corporate offices are located at the address indicated in Paragraph 3.  Rather, Strad's corporate offices are located at 999 18th Street, Suite 3000, Denver, CO 80202.

**ALLEGATION:**

4.     This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.  Venue is proper under 28 U.S.C. §1391(b).

**ANSWER:**

Strad admits that this Court has jurisdiction over the allegations contained in Plaintiff's

First Amended Complaint pursuant to 28 U.S.C. §1331, and that venue is proper pursuant to 28

U.S.C. §1391(b), but denies that there is a factual or legal basis to support Plaintiff's claims.

**ALLEGATION:**

5.     Strad is an oilfield service company headquartered in Denver, Colorado.  Plaintiff worked for Strad as a field service technician providing labor at various locations in North Dakota, Montana, South Dakota, Colorado and Wyoming.

**ANSWER:**

Strad admits that it is an oilfield service company headquartered in Denver, Colorado.

Strad also admits that Plaintiff worked for Strad, but denies that Plaintiff was a "field service

technician."  Rather, Plaintiff worked as a Solids Control Technician. Strad further admits that

Plaintiff worked for Strad in North Dakota and briefly in Colorado.  Strad denies the remaining

allegations in Paragraph 5.

**ALLEGATION:**

6.     Although Plaintiff was required to work more than forty (40) hours per workweek and/or twelve (12) hours per day, and did so frequently, Plaintiff was not compensated at the mandated time and one-half rate for all of his overtime hours.  No overtime exemption applies to Plaintiff.

**ANSWER:**

Strad admits that Plaintiff was a non-exempt employee, and was required to work more than forty hours per week and/or twelve hours per day from time to time.  Strad denies the remaining allegations in Paragraph 6.

**ALLEGATION:**

7.      First, Strad failed to pay Plaintiff for the many hours he spent waiting for work to be assigned while living away from home near remote oil sites.  During this time, Plaintiff was "on-call" and, as a result, was very restricted in his activities.  Because of these restrictions, Plaintiff's on-call time was compensable under state and federal law.

**ANSWER:**

Strad denies the allegations in Paragraph 7.

**ALLEGATION:**

8.      Second, Strad failed to pay Plaintiff properly for his travel time to and from remote sites.  Plaintiff spent many hours traveling as directed by Strad.  Although Strad paid for some of this time, it failed to pay for all of the travel hours and, in addition, failed to compensate the time at the correct overtime rate.

**ANSWER:**

Strad admits that Plaintiff was required to travel for work from time to time.  Strad denies all remaining allegations in Paragraph 8.

**ALLEGATION:**

9.      Third, Strad moved Plaintiff's work hours between days and weeks in order to avoid paying overtime for such work hours.  In particular, Strad had a policy of requiring workers to show no more than 16 hours of work on any given day.  Because Strad's workers often worked shifts longer than 16 hours, Strad moved hours over 16 to other days.  This often resulted in Strad not paying all required overtime to its workers.

**ANSWER:**

Strad denies the allegations in Paragraph 9.

**ALLEGATION:**

10.    Finally, Strad failed to include all of Plaintiff's compensation in calculation of his overtime rate.

**ANSWER:**

Strad denies the allegations in Paragraph 10.

**ALLEGATION:**

11.    Plaintiff's work schedule typically entailed traveling to a remote worksite and working 20 days in a row. Thereafter, Plaintiff typically would have 10 days off. During his 20 day shifts, Plaintiff typically was scheduled for 12 hours per day but often worked much longer. Thereafter, Plaintiff was on-call until the start of the next work day. These on-call hours were not compensated although they were compensable time under the FLSA and state law. By way of example, during the week of December 21¬27, 2015, Plaintiff received no compensation for at least 50 hours of work. Therefore, since Plaintiff was paid $22/hour with an overtime rate of $33/hour, Plaintiff is owed at least $1,650 in unpaid overtime compensation for this workweek alone, plus applicable penalties and liquidated damages. Since Strad is required by law to keep detailed records of Plaintiff's compensation and hours worked, Plaintiff will provide a more detailed damage estimate once these records are produced. *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014) ("[L]ike the other circuit courts that have ruled before us, we decline to make the approximation of overtime hours the sine qua non of plausibility for claims brought under the FLSA. After all, most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants.")

**ANSWER:**

Strad admits that Plaintiff worked a rotational schedule that sometimes required him to

work 20 days in a row, followed by 10 days off of work. Strad denies the remaining allegations

in Paragraph 11. More specifically, Strad cannot reasonably determine what Plaintiff means by

"on-call hours" or why Plaintiff contends those hours are compensable under applicable law,

because Strad denies that Plaintiff worked on-call hours. *See* Strad's Answer to Paragraph 7 above. Additionally, Strad cannot reasonably determine how Plaintiff has calculated the damages alleged in Paragraph 11.

**ALLEGATION:**

12.    On information and belief, none of Strad's non-exempt employees were paid properly for their time worked.

**ANSWER:**

Strad denies the allegations in Paragraph 12.

**ALLEGATION:**

13.    Each of the violations alleged above was blatantly illegal and, on information and belief, Strad took no steps to ascertain the validity of its employee compensation policies. For example, Strad has produced no evidence of any effort to have its policies scrutinized by an attorney to ensure legal compliance and, on information and belief, Strad made no such efforts. Therefore, Strad cannot meet its burden to demonstrate that it acted in good faith and had reasonable grounds for believing its policies were not in violation of the FLSA and applicable state law. Strad knew or should have known that its policies were in violation of the FLSA and applicable state law. Since, on information and belief, Strad made no inquiry into the validity of its pay policies under the FLSA and state law, Strad acted recklessly in determining whether it was in legal compliance. Particularly for a large, international company like Strad, such willful ignorance demonstrates, at a minimum, reckless disregard as to whether its policies were compliant. In other words, Strad acted willfully within the meaning of the FLSA and state law.

**ANSWER:**

Strad denies the allegations in Paragraph 13.

**ALLEGATION:**

14.    Plaintiff brings this action as a FED. R. CIV. P. 23 class action, on behalf of himself and on behalf of a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

ALL CURRENT OR FORMER STRAD EMPLOYEES WHO
WERE NOT COMPENSATED PROPERLY FOR ALL
OVERTIME HOURS WORKED.

**ANSWER**:

Strad admits that Plaintiff purports to bring this action on behalf of himself and other

purportedly similarly situated individuals, but denies that any relief is warranted and denies that

class action certification is appropriate. Even if class action certification was appropriate, Strad

denies that Plaintiff's proffered class definition is proper or feasible, in that it improperly

attempts to use the ultimate legal question in this case to define the class.

**ALLEGATION**:

15.   This action is properly brought as a class action for the following
reasons:

    a.   The Class is so numerous that joinder of all Class Members
is impracticable. Plaintiff is informed and believes that the
number of Class Members exceeds fifty.

    b.   Numerous questions of law and fact regarding the liability
of Strad are common to the Class and predominate over any
individual issues which may exist.

    c.   The claims asserted by Plaintiff are typical of the claims of
Class Members and the Class is readily ascertainable from
Strad's own records. A class action is superior to other
available methods for the fair and efficient adjudication of
this controversy.

    d.   Plaintiff will fairly and adequately protect the interests of
Class Members. The interests of Class Members are
coincident with, and not antagonistic to, those of Plaintiff.
Furthermore, Plaintiff is represented by experienced class
action counsel.

**ANSWER:**

Strad denies the allegations in Paragraph 15.

    a.   Strad denies the allegations in the first sentence of subparagraph 15(a). Further answering, Strad lacks knowledge or information sufficient to form a belief about the truth of the second sentence in subparagraph 15(a) because Strad is unaware of any current or former employees who were not compensated for all overtime hours worked;

    b.   Strad denies the allegations in subparagraph 15(b);

    c.   Strad denies the allegations in subparagraph 15(c);

    d.   Strad admits that Plaintiff is represented by experienced class action counsel, but denies the remaining allegations in Subparagraph 15(d).

**ALLEGATION:**

16.    For the foregoing reasons, Plaintiff also seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because his claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and were subjected to Strad's common practice, policy or plan regarding employee wages and hours.

**ANSWER:**

Strad states that the first sentence of Paragraph 16 does not contain factual allegations to which a response is required. To the extent a response is required, Strad denies the allegations in the first sentence of Paragraph 16. Strad also denies the remaining allegations in Paragraph 16.

**ALLEGATION:**

17.    Plaintiff incorporates by reference all of the above paragraphs.

**ANSWER:**

Strad realleges here its Answer to each Paragraph of Plaintiff's First Amended Complaint that Plaintiff incorporates in Paragraph 17.

**ALLEGATION:**

18.     At all relevant times, Strad has been, and continues to be, an "employer" within the meaning of the FLSA.

**ANSWER:**

Strad admits the allegations in Paragraph 18.

**ALLEGATION:**

19.     Strad is an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA.

**ANSWER:**

Strad admits the allegations in Paragraph 19.

**ALLEGATION:**

20.     At all relevant times, Strad has had gross annual volume of sales in excess of $500,000.

**ANSWER:**

Strad admits the allegations in Paragraph 20.

**ALLEGATION:**

21.     At all relevant times, Strad has employed, and continues to employ, non-exempt "employees," including Plaintiff.  Plaintiff consents to sue in this action pursuant to 29 U.S.C. §216(b).

**ANSWER:**

Strad admits that it employed Plaintiff as a non-exempt employee and that it employs other non-exempt employees.  Strad is without knowledge or information sufficient to form a

belief about the truth of the remaining allegations in Paragraph 21 and, therefore, denies those allegations.

**ALLEGATION:**

> 22.     Plaintiff was an employee of Strad within the meaning of the FLSA.

**ANSWER:**

Strad admits the allegations in Paragraph 22.

**ALLEGATION:**

> 23.     While employed by Strad, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

**ANSWER:**

Strad is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23, and therefore, denies those allegations.  More specifically, Plaintiff has not described the type of commerce in which he was allegedly engaged or what goods he allegedly produced, improperly requiring Strad to speculate as to what specifically is being alleged in Paragraph 23.

**ALLEGATION:**

> 24.     As a result of the foregoing conduct, as alleged, Strad has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq*.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

**ANSWER:**

Strad denies that it engaged in any statutory violation or other wrongdoing, and states that it is not liable in any way or in any amount to Plaintiff and/or the putative collective action members.

**ALLEGATION:**

25.    As a result, Plaintiff and Class Members has [sic] been damaged in an amount to be determined at trial.

**ANSWER:**

Strad denies that it engaged in any statutory violation or other wrongdoing, and states that it is not liable in any way or in any amount to Plaintiff and/or the putative collective action members.

**ALLEGATION:**

26.    Plaintiff incorporates by reference all of the above paragraphs.

**ANSWER:**

Strad realleges here its Answer to each Paragraph of Plaintiff's First Amended Complaint that Plaintiff incorporates in Paragraph 26.

**ALLEGATION:**

27.    At all relevant times, Strad has been, and continues to be, an "employer" within the meaning of the Colorado Wage Claim Act.

**ANSWER:**

Strad admits the allegations in Paragraph 27.

**ALLEGATION:**

28.    At all relevant times, Strad has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Wage Claim Act.

**ANSWER:**

Strad admits the allegations in Paragraph 28.

**ALLEGATION:**

29.    Plaintiff was an employee of Strad within the meaning of the Wage Claim Act.

**ANSWER:**

Strad admits the allegations in Paragraph 29.

**ALLEGATION:**

30.    As a result of the foregoing conduct, as alleged, Strad has failed to pay wages due under the Wage Claim Act, the FLSA and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq*., as implemented by the Colorado Minimum Wage Order, thereby violating, and continuing to violate, the Wage Claim Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

**ANSWER:**

Strad denies that it engaged in any statutory violation or other wrongdoing, and states that it is not liable in any way or in any amount to Plaintiff and/or the putative class action members.

**ALLEGATION:**

31.    As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff hereby demands payment on behalf of himself and all Class Members in an amount sufficient to provide compensation for all overtime hours worked that were not compensated properly.  This demand for payment is continuing and is made on behalf of any current Strad employees whose employment terminates at any time in the future.  Such payment can be made care of undersigned counsel at the listed address.

**ANSWER:**

With respect to the first sentence of Paragraph 31, Strad denies that it engaged in any statutory violation or other wrongdoing, and states that it is not liable in any way or in any amount to Plaintiff and/or the putative class action members.  Further answering, Strad denies

that it is liable in any way, or in any amount, to Plaintiff and/or the putative class action members.

**ALLEGATION:**

      32.    Plaintiff incorporates by reference all of the above paragraphs.

**ANSWER:**

Strad realleges here its Answer to each Paragraph of Plaintiff's First Amended Complaint that Plaintiff incorporates in Paragraph 32.

**ALLEGATION:**

      33.    At all relevant times, Strad has been, and continues to be, an "employer" within the meaning of the Colorado Minimum Wage Act.

**ANSWER:**

Strad admits the allegations in Paragraph 33.

**ALLEGATION:**

      34.    At all relevant times, Strad has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Minimum Wage Act.

**ANSWER:**

Strad admits the allegations in Paragraph 34.

**ALLEGATION:**

      35.    Plaintiff was an employee of Strad within the meaning of the Minimum Wage Act.

**ANSWER:**

Strad admits the allegations in Paragraph 35.

**ALLEGATION:**

36.      As a result of the foregoing conduct, as alleged, Strad has violated, and continues to violate, the Minimum Wage Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

**ANSWER:**

Strad denies that it engaged in any statutory violation or other wrongdoing, and states

that it is not liable in any way or in any amount to Plaintiff and/or the putative class action

members.

**ALLEGATION:**

37.      As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

**ANSWER:**

Strad denies the allegations in Paragraph 37.

**ALLEGATION:**

38.      Plaintiffs incorporates [sic] by reference all of the above paragraphs.

**ANSWER:**

Strad realleges here its Answer to each Paragraph of Plaintiff's First Amended

Complaint that Plaintiff incorporates in Paragraph 38.

**ALLEGATION:**

39.      The conduct alleged above also constitutes a violation of the laws of certain states with overtime/minimum wage laws analogous to the FLSA.  On information and belief, Strad engaged in the conduct described above at locations in North Dakota, Virginia, Montana, Utah, South Dakota, Wyoming, Texas, Kansas and Pennsylvania.

**ANSWER:**

Strad states that the claims asserted in Count IV of Plaintiff's First Amended Complaint have been withdrawn by Plaintiff and/or dismissed by the Court. [Dkt. # 68]. Therefore, no response is required from Strad.

**ALLEGATION:**

40.     Therefore, Strad violated the applicable overtime/minimum wage laws in each of the states where it does business, including North Dakota Wage Law, N.D.C.C. §34-01, *et seq.* and N.D.A.C. §46; Pennsylvania Wage Law 43 P.S. §333.101, *et seq.*; Kan. Stat. Ann. §44-1201, *et seq.*; Wyoming Wage Law, Wy. Stat. Title 27; and the Utah Payment of Wages Act, Utah Code §34-28-1, *et seq.* In each of these states, Strad failed to pay the applicable state minimum wage rate and/or the overtime required by state law.

**ANSWER:**

Strad states that the claims asserted in Count IV of Plaintiff's First Amended Complaint have been withdrawn by Plaintiff and/or dismissed by the Court. [Dkt. # 68]. Therefore, no response is required from Strad.

**ALLEGATION:**

41.     As a result, Class Members have been damaged in an amount to be determined at trial.

**ANSWER:**

Strad states that the claims asserted in Count IV of Plaintiff's First Amended Complaint have been withdrawn by Plaintiff and/or dismissed by the Court. [Dkt. # 68]. Therefore, no response is required from Strad.

**ALLEGATION:**

42.     As part of discovery, Plaintiff will be requesting certain documents and information from Strad. Please note the document preservation instructions attached hereto.

**ANSWER:**

Strad states that Paragraph 42 does not contain factual allegations to which a response is required.

## GENERAL DENIAL

Unless expressly admitted, Strad denies each of the allegations in Plaintiff's First Amended Complaint.

## REQUEST FOR JUDGEMENT

Strad denies that Plaintiff and/or the putative class and collective action members are entitled to any relief, including that requested in Plaintiff's Request For Relief.

Strad further states that judgment should be entered in Strad's favor and against Plaintiff and the putative class and collective action members on each of the Counts and claims asserted against Strad in Plaintiff's First Amended Complaint.

\*     \*     \*

## AFFIRMATIVE DEFENSES

1.     Plaintiff fails to state a claim upon which relief may be granted, in whole or part, against Strad, either on behalf of Plaintiff or those persons whom Plaintiff purports to represent, or to whom Plaintiff purports to be similarly situated.

2.     This case may not be maintained as a collective action because the named Plaintiff is not similarly situated to some or all of the persons whom Plaintiff purports to represent and is not otherwise an adequate representative for the purported collective action members and, thus, cannot establish the existence of each of the requirements under 29 U.S.C. § 216(b) and other relevant legal authority.   Moreover, Plaintiff's proposed collective action

definition is overly broad and is improper in that it attempts to define the class by the ultimate legal question in this lawsuit, making collective treatment inappropriate.

3.      Plaintiff and putative Colorado class members fail to satisfy the class action requirements of Rule 23 of the FEDERAL RULES OF CIVIL PROCEDURE.  Thus, certification of a class and class treatment in this matter are not appropriate.  Moreover, Plaintiff's proposed class action definition is overly broad and is improper in that it attempts to define the class by the ultimate legal question in this lawsuit, making class treatment inappropriate.

4.      Plaintiff and/or putative class and collective action members' claims are barred, in whole or in part, by the doctrines of estoppel, quasi-estoppel, and/or equitable estoppel.  For example, Plaintiff and/or putative class members may have failed to disclose the claim(s) in this lawsuit in bankruptcy.

5.      Strad is entitled to an off-set for any overpayments of wages Strad provided for work never actually performed, any damages incurred by Plaintiff and/or putative class and collective action members' respective acts or omissions, or inadvertent overpayments.

6.      Strad affirmatively pleads that any acts or omissions which may be found to be in violation of the rights afforded by the FLSA and/or the Colorado Wage Claim Act were not willful, but occurred in good faith with reasonable grounds for believing that Strad was in full compliance with the law.  As such, the statute of limitations can be no longer than two (2) years, as provided under the FLSA and Colorado Wage Claim Act.  29 U.S.C. § 255(a); COLO. REV. STAT. § 8-4-122.

7.      Plaintiff's and/or putative class and collective action members' claims are barred, in whole or in part, by the applicable two-year statutes of limitations.  29 U.S.C. § 255(a); COLO. REV. STAT. § 8-4-122.

8.      Strad's actions with respect to Plaintiff and/or putative class and collective action members were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling approval, interpretation, administrative practice and/or policy, pursuant to 29 U.S.C. § 259.

9.      Strad's actions with respect to Plaintiff and/or putative class and collective action members were taken in good faith with reasonable grounds to believe such conduct comported with the FLSA or interpretations of the FLSA, pursuant to 29 U.S.C. § 260.

10.     Strad compensated Plaintiff and/or putative class and collective action members for all hours worked in accordance with all obligations under Federal and Colorado laws.

11.     Plaintiff's and/or putative class and collective action members' claims fail to the extent they did not work in excess of forty hours per week during all or part of the time period relevant to this lawsuit.

12.     Plaintiff's and/or putative class and collective action members' claims fail to the extent the time periods for which they are claiming entitlement to overtime pay fall within the *de minimus* exception.

13.     Some or all of Plaintiff's and/or the putative class and collective action members' claims are barred by the doctrine of laches and/or waiver.

14.     Plaintiff's and/or some or all of the members of the putative class and collective action's claims are barred, in whole or in part, by the doctrine of unclean hands.

15.     Plaintiff's and/or some or all of the members of the putative class and collective action's claims are barred, in whole or in part, because they have failed to mitigate their damages.  For example, Plaintiff and/or putative class and collective action members continued to work overtime allegedly without requisite overtime compensation for some time, but never demanded payment of overtime compensation, and did not cease working overtime hours and accruing alleged damages.

16.     Certification of a class or collective action, as applied to the facts and circumstances of this case, would constitute a denial of Strad's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and of the laws and constitution of the State of Colorado.

17.     In the event that a purported collective action and/or class action is certified for trial, Strad reserves the right to assert any and all other and further defenses against any individual member of any class or collective action that may be certified.

18.     Strad hereby gives notice that Strad intends to rely upon such other defenses as may become available or ascertained during the course of discovery proceedings in this case, and hereby reserve the right to amend this Answer to assert any such defenses.

*[Remainder of page intentionally left blank]*

Respectfully submitted,

Date:  August 15, 2018          By:     /s/  Kevin D. Evans
                                        Kevin D. Evans
                                        Vance O. Knapp
                                        Jeremy M. Brenner
                                        ARMSTRONG TEASDALE LLP
                                        4643 South Ulster Street, Suite 800
                                        Denver, CO 80237
                                        Telephone:  (720) 200-0677
                                        Facsimile:  (720) 200-0679
                                        Email: kdevans@armstrongteasdale.com
                                             vknapp@ armstrongteasdale.com
                                             jbrenner@armstrongteasdale.com

                                        Attorneys for Defendants STRAD ENERGY SERVICES
                                        USA LTD. and STRAD OILFIELD SERVICES INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of August 2018, a true and correct copy of the foregoing **DEFENDANTS STRAD ENERGY SERVICES USA LTD. AND STRAD OILFIELD SERVICES INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** was served on Brian D. Gonzalez, The Law Offices of Brian D. Gonzalez, PLLC, 242 Linden Street, Fort Collins, Colorado 80524, via the U.S. District Court of Colorado's CM/ECF e-filing system.

/s/  *Kevin D. Evans*
Kevin D. Evans